IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**NEIL SIMPSON, et al.**                                                      **PLAINTIFFS**

v.                                                      CAUSE NO. 1:22-cv-153-LG-BWR

**AMERICAN INTERNATIONAL
INDUSTRIES, et al.**                                                      **DEFENDANTS**

## MEMORANDUM OPINON AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND

**BEFORE THE COURT** is the [53] Motion to Remand filed by Plaintiffs, Lonita Deanna Simpson, Neil Simpson, and James Taylor. The Motion to Remand is fully briefed. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Plaintiffs' Motion to Remand should be denied.

### BACKGROUND

Plaintiffs, Neil Simpson, individually and as administrator of the estate of Patty Simpson, James Taylor, and Lonita Deanna Simpson, originally filed this asbestos-related lawsuit in the Circuit Court of Jackson County, Mississippi, on April 4, 2022. The Complaint names a host of Defendants and alleges that they "were in the business of designing, researching, manufacturing, packaging, marketing, selling and/or distributing raw asbestos fibers of various kinds and grades, and/or asbestos-containing products," or asbestos-containing talc or talcum powder and other like products. (Compl. ¶ 33, ECF No. 1-2). The Complaint alleges that the decedent, Patty Simpson, was exposed to these products, which Defendants

placed into the stream of commerce, and, as a result, contracted mesothelioma, causing her death. (*Id.* ¶¶ 33-38). Plaintiffs further allege that Defendants knew of the unreasonably dangerous and malignant nature of asbestos at the time these products were manufactured or sold. (*Id.* ¶¶ 39-40). Plaintiffs seek compensatory and punitive damages under various theories of liability, including negligence, gross negligence, breach of warranty, negligent misrepresentation, and fraud. (*See generally id.* ¶¶ 41-104).

On June 17, 2022, Defendant American International Industries filed the [1] Notice of Removal which is now the subject of contention. In its Notice, Defendant obtained the consent of most Defendants and explained the rest as nominal or improperly joined parties. (*See* Not. Removal, ECF No. 1). On July 19, 2022, Plaintiffs filed their [54] Motion to Remand, which challenges three alleged procedural improprieties in Defendant's removal. The removing Defendant, American International Industries, [65] responded to the Motion, and Plaintiffs [70] replied in support of the Motion.[1] The issues are now fully briefed and ripe for disposition by the Court.

---

[1] Various out-of-state Defendants—Unilever United States, Inc., Brenntag North America, Inc., Brenntag Specialties, Inc., and Cosmetic Specialties, Inc.—filed Motions to Dismiss for Lack of Personal Jurisdiction. These [37] [46] [48] [60] Motions went unanswered by Plaintiffs. Because the Motion to Remand affects the Court's ability to hear this case, including any objections to personal jurisdiction, it will take up that matter first, and then resolve the pending Motions to Dismiss for Lack of Jurisdiction by separate Order.

**DISCUSSION**

I. **Motion to Remand Standard**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. . . . Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (internal citations omitted). Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

II. **Unanimity of Consent**

28 U.S.C. § 1446(a) "has been interpreted to require that all then served properly joined defendants join in the removal petition." *Getty Oil Corp. a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.9 (5th Cir. 1988). "There is an exception to this general rule, however. 'Nominal' or 'formal' parties need not join in the removal petition." *Farias v. Bexar Cty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991) (citing *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assts.' Local 349, Int'l Printing Pressman & Assts.' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970)). "To

establish that non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Farias*, 925 F.2d at 871 (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981)).

  **1.** **Estee Lauder**

First, Plaintiffs argue that Defendant Estee Lauder did not consent to removal. Defendant counters that Estee Lauder had settled with Plaintiffs and thereby became a "nominal party" whose consent is not required by the unanimity rule. (Not. Removal ¶¶ 52-53, ECF No. 1). Settling defendants are nominal parties whose consent is not required under the unanimity rule. *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006). Plaintiffs distinguish the *Acosta* case in that the settling parties there were severed by the state court before removal, *see id.*, unlike here, where no party "had filed or otherwise notified the Court that Plaintiffs were no longer pursuing their claims against Estee Lauder," and "no such filing or notification has been made to date." (Mem. Br. Supp. Mot. Remand, at 5, ECF No. 54).

However, Plaintiffs do not contest that the settlement was, indeed, reached prior to removal. The Court finds that, under the facts presented, Plaintiff's entry into the settlement rendered Defendant Estee Lauder a nominal party. *See Erdey v. Am. Honda. Co., Inc.*, 96 F.R.D. 593, 599 (M.D. La. 1983), modified on reconsideration, 558 F. Supp. 105 ("Here plaintiff has voluntarily terminated the

litigation against the medical defendants by entering the settlement agreement. Entry of the consent judgment adds nothing to the settlement as regards those defendants and entering the settlement agreement was an act which made the case removable under 28 U.S.C. § 1446(b), because those defendants have been removed from the action at the request of and with the consent of the plaintiff."). Hence, by Plaintiff's choice to settle with Defendant Estee Lauder, its consent was not required under the unanimity rule, even though no parties had announced the settlement to the Court.

### 2. Presperse International Corporation

Second, Plaintiffs argue that Defendant Presperse International Corporation was properly named and served but did not consent to removal. Rather, a separate Defendant, "Presperse Corporation (individually and d/b/a Presperse International Corporation)" consented to removal. (*See* Consent to Not. Removal, ECF No. 4). Plaintiff also attaches an Affidavit of Service showing that Presperse International Corporation was served on May 16, 2022. (*See* Aff. Serv., at 18, ECF No. 53-1).

Defendant responds that no such corporation exists; therefore, no real party in interest called "Presperse International Corporation" could consent to removal. (Resp. Pl.'s Mot. Remand, at 11, ECF No. 65). In support, Defendant refers the Court to a certificate of the New Jersey Department of the Treasury, which identifies "PRESPERSE CORPORATION Doing Business As PRESPERSE INTERNATIONAL CORP" as the relevant business entity. (*See* N.J. Dep't Treasury Cert. Auth., ECF No. 65-5). Plaintiffs reply that a Motion to Change

Name should have been filed to reflect its nonexistent status, and that the named Defendant has not consented. (Pls.' Reply Supp. Mot. Remand, at 11-12, ECF No. 70).

The Court must agree with Defendant. "Whether a party is 'nominal' for removal purposes depends on 'whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff.'" *Acosta*, 452 F.3d at 379 (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)). Plaintiffs have not controverted Defendant's evidence with any documentation showing that "Presperse International Corporation" really or legally exists beyond "Presperse Corporation (individually and d/b/a Presperse International Corporation." *See Elbezre v. PNC Mortg. a Div. of PNC Bank*, Civ. No. H-11-3135, 2011 WL 13250764, at *7 (S.D. Tex. Nov. 29, 2011) (holding that a predecessor corporation which merged into another thereby lost its real existence and was merely a nominal party for purposes of consenting to removal); *Petri v. Peregrine Oil & Gas, LP*, Civ. No. H-09-3994, 2010 WL 2991124, at *2-3 (S.D. Tex. July 26, 2010) (holding that a misnamed, nonexistent entity was a nominal party for removal purposes). Therefore, under these facts, the consent of "Presperse International Corporation" was not necessary for removal purposes.

### III. Filing Entire State Court Record

Third, Plaintiffs argue that Defendant did not file a copy of the entire state court record with its removal petition. 28 U.S.C. § 1446(a) provides that:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Further, Local Rule 5(b) provides: "In addition to the requirements for removal set forth in 28 U.S.C. § 1446, a defendant or defendants desiring to remove any civil action . . . from a state court must file a copy of the entire state court record no later than 14 days from the date of removal." Citing the statute, Plaintiffs notice that Defendant failed to include certain documents in its filing of the state court record, including answers filed by two of the Defendants. (Mem. Br. Supp. Mot. Remand, at 7-8, ECF No. 54). Plaintiffs correctly identify this procedural error, but the Court finds that it has been cured and does not require remand.

      First, the Fifth Circuit has held that a removing defendant's failure to file the state court record faithfully is a non-jurisdictional procedural defect. For instance, where a plaintiff sought remand based on a removing defendant's failure to file "three 'citation documents' and a 'civil information case sheet' . . . as well we the improper filing of unidentified extraneous documents," the Fifth Circuit held "that the complained-of procedural defects (assuming they exist) are not jurisdictional and do not require remand." *Mauldin v. Allstate Ins. Co.*, 757 F. App'x 304 (5th Cir. 2018) (citing *Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 547-48 (5th Cir. 1985) ("Failure to file a copy of the removal petition with the state court clerk is a procedural defect, and does not defeat the federal court's jurisdiction.")).

Second, Defendant is correct that this procedural error may be cured. "The majority of courts, including the United States Court of Appeals for the Fifth Circuit, take the view that the failure to include all state court documents with a notice of removal is a procedural defect that may be cured by the removing party." *Phillips v. First Tower Loan, Inc.*, No. 2:12CV123-JS-JMR, 2012 WL 5873360, at *3 (S.D. Miss. Nov. 20, 2012) (citing, *inter alia*, *Covington v. Indem. Ins. Co. of N. Am.*, 251 F.2d 930, 933 (5th Cir. 1958) (noting that if any state court documents "are lacking from the original removal record, they may be later supplied"). "When a defendant does not file a required document with its notice of removal, 'the appropriate remedy' is 'to supplement the record with those missing documents.'" *Glenn v. Bitco Gen. Ins. Co.*, Civ. No. 21-1691, 2021 WL 5905641, at *2 (E.D. La. Dec. 14, 2021) (quoting *Mohler v. Geico Gen. Ins. Co.*, Civ. No. 19-864-BAJ-RLB, 2020 WL 2516053, at *4 (M.D. La. Apr. 16, 2020)). Here, Defendant filed the [63] State Court Record on August 1, 2022, shortly after the issue was raised by Plaintiffs. The error may be cured outside the thirty-day removal period. *Glenn*, 2021 WL 5905641, at *2 (citing *Ard v. HHF Beechgrove P'ship, Ltd.*, Civ. No. 16-16563, 2017 WL 991531, at *2 (E.D. La. Mar. 15, 2017)). Hence, Defendant's filing of the [63] State Court Record cured the procedural error, and remand based on this issue is not appropriate.

## IV. In-State Defendants

Fourth, Plaintiffs call attention to the presence of three in-state Defendants in this action, raising the forum defendant rule.[2] This rule provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, Plaintiffs argue that three Defendants—Ramey Food Store, LLC, Super Junior #1, Inc., and Super Junior #3, Inc. (the "in-state Defendants")—are citizens of Mississippi and therefore procedurally preclude removal. In response, Defendant contends that these parties were improperly joined and may be disregarded for removal purposes. (Not. Removal ¶¶28-41, ECF No. 1).

"Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Davidson v. Ga.-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (quoting *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013)). Here, Defendant raises only the second kind of improper joinder. "The test 'is whether the defendant has demonstrated that there

---

[2] Plaintiffs do not appear to raise the related issue of subject-matter jurisdiction, even though they plead that they are also residents of Mississippi. (*See* Compl. ¶¶ 1-3, ECF No. 1-2). The Court conducts the following analysis in resolving subject-matter jurisdiction as well as the forum defendant rule. *See Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 223-24 (5th Cir. 2012) ("'Federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties.'") (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Id.* (quoting *Smallwood*, 385 F.3d at 573). When making this inquiry, courts first examine the allegations contained in the complaint. *Id.* "If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder." *Id.* "When 'a complaint states a claim that satisfies 12(b)(6), but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Id.* (quoting *Mumfrey*, 719 F.3d at 401). "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

Defendant claims in its [1] Notice of Removal that the in-state Defendants were improperly joined. (*See* Not. Removal ¶¶ 28-30, ECF No. 1). In support of this position, Defendant argues that Miss. Code Ann. § 11-1-63(h) protects these Defendants from liability by virtue of their status as "innocent sellers" of the allegedly defective products. (*Id.* ¶¶ 35-36). This statute provides that "[i]n any action alleging that a product is defective pursuant to paragraph (a) of this action, the seller or designer of a product other than the manufacturer shall not be liable unless the seller or designer," *inter alia*, "had actual or constructive knowledge of the defective condition of the product at the time he supplied the product." Miss. Code. Ann. 11-1-63(h). Hence, per the statute, Defendant argues that Plaintiffs are

unable to establish a cause of action and have no possibility of recovery against the in-state Defendants. *See Davidson*, 819 F.3d at 765.

In response, Plaintiffs observe that Mississippi law excepts from protection any seller who "had *actual or constructive knowledge* of the defective condition of the product at the time he supplied the product." Miss. Code Ann. § 11-1-63(h) (emphasis added). Plaintiffs' Complaint alleges that these Defendants "knew or should have known of the defects" in these products. (*See, e.g.,* Compl. ¶ 55, ECF No. 1-2). Hence, in their Motion to Remand, Plaintiffs argue that they have successfully alleged an exception to the innocent seller rule, such that a cause of action may be established which justifies joinder of the in-state Defendants. (Mem. Br. Supp. Mot. Remand, at 8-13, ECF No. 54).

Here, Defendant has provided the affidavits of the presidents of the in-state Defendants—Super Junior #1, Super Junior #3, and Ramey Food Products, respectively. (*See* Aff. Suzanne Allen, ECF No. 65-1; Aff. John Tidwell, ECF No. 65-2; Aff. Herbert Ramey, ECF No. 65-3). Each of these affidavits attests that the respective Defendant "had no knowledge or any reason to believe that those products were defective in any way" and "had no knowledge or any reason to believe that those products could have possibly contained asbestos in any amount or form." (Aff. Suzanne Allen, ¶¶ 7-8, ECF No. 65-1; Aff. John Tidwell ¶¶ 7-8, ECF No. 65-2; Aff. Herbert Ramey ¶¶ 7-8, ECF No. 65-3). Plaintiffs primarily rest on allegations in the Complaint that

> Defendants knew or should have known that Defendants' Products, which contained high quantities of asbestos, should not have been sold

>for their intended use. Defendants knew or should have known that Defendants' Products, which contained high quantities of asbestos and when used as a binding ingredient and in talcum powder and cosmetic products were defective, unsafe, and unfit for such purpose.

(Compl. ¶ 40, ECF No. 1-2). Plaintiffs allege that Defendants had actual or constructive knowledge "that asbestos is unreasonably dangerous when used for its intended purpose," "that workers and individuals lacked knowledge regarding the extent of danger and the proper means of control," "that employers and workers lacked knowledge regarding the extent of danger and the proper means of control," and that "the respiratory hazards contained after actual use ceased due to the suspension of respirable fibrogenic and invisible dust in the air." (*Id.* at ¶ 40(a)-(d)). Further, they claim that

>Supplier Defendants are liable to Plaintiffs as professional vendors of Supplier Defendants' Products and as such, because of the Supplier Defendants' size, volume of business and merchandising practices, knew or should have known of the defects of the Supplier Defendants' Products they sold, and are strictly liable and negligent for failing to warn users and bystanders of potential health hazards from the use of Supplier Defendants' Products.

(*Id.* ¶ 55).

Even under a Rule 12(b)(6) standard, the Court finds that these allegations are too "vague and conclusory" to support joinder of the in-state Defendants, who otherwise appear to be mere "conduit[s]" of the disputed products, protected by the innocent seller provision. *See Murray v. Gen. Motors, L.L.C.*, 478 F. App'x 175, 180 (5th Cir. 2012) ("Although Appellants pleaded that Skinners was not just a conduit of the vehicle, their vague and conclusory allegations allowed the district court to piece the pleadings to conduct a summary inquiry. . . . Appellants offered no

-12-

evidence to show that Skinners was anything more than a conduit for the vehicle." ); *Jones v. Polaris Indus., Inc.*, No. 1:12CV44-B-S, 2013 WL 1193740, at *1-2 (S.D. Miss. Mar. 22, 2013) (holding, in the context of improper joinder of a seller defendant, that "Plaintiffs do not specifically allege how that knowledge was made known to" the seller, and "the statements in the complaint related to T & R's knowledge of an involvement in the defect are conclusory allegations not based in any specific fact," which "are insufficient to state a claim"); *McClenton v. Cannon Chevrolet, Cadillac, Nissan Inc.*, No. 4:16CV183-SA, 2017 WL 4322432, at *3 (N.D. Miss. Sep. 28, 2017) (holding that, "[a]s far as actual or constructive knowledge of the condition of the vehicle, Plaintiff has failed to allege that there is a reasonable basis of recovery on that issue," given that "Plaintiff has offered no evidence or allegation that Cannon Chevrolet or Cannon DJR was anything more than a conduit for the vehicle"; as such, the seller would be "entitled to Section 11-1-64 immunity from suit, and Plaintiff cannot state a cognizable claim against the non-diverse defendant in this civil matter"). Hence, the Court must find that there is no reasonable possibility of recovery against the in-state Defendants, given Plaintiffs' nonspecific and conclusory allegations of knowledge.

These principles hold true regardless of whether Plaintiffs plead actual or constructive knowledge on the part of the in-state seller Defendants. *Prisock v. Tempur-Sealy Int'l, Inc.*, No. 1:19CV187-SA-DAS, 2020 WL 2404890, at *3 (N.D. Miss. May 12, 2020) (holding that "[t]o establish actual knowledge, the plaintiff must do more than assert legal conclusions," and, given that they "stated in

conclusory fashion that 'JAM had actual . . . knowledge that the adjustable foundation and mattress, without safety features or adequate warnings and instructions, posed an unreasonable hazard to children'" with no "additional facts, the [p]laintiffs cannot show that JAM had actual knowledge of the alleged defect"); *see also id.* (holding that "[s]imilar to proving actual knowledge, merely pleading that the defendant(s) should have known is not sufficient," as the plaintiffs had "not offered any evidence that JAM had constructive knowledge of the alleged defect," nor anything at all "to suggest that JAM was anything more than a mere conduit of the product"); *Garcia v. Premier Home Furnishings*, No. 2:12CV167-KS-MTP, 2013 WL 4015062, at *3 (S.D. Miss. Aug. 6, 2013) ("[M]erely asserting legal conclusions is not enough for proper joinder—'vague and conclusory allegations' must be supported by fact. . . . The only facts that Plaintiff has alleged about Premier's knowledge of the defect is that Premier knew that there were no warning labels on the product. Nonetheless, taking this fact in the light most favorable to the Plaintiff, there is still a missing link between a seller knowing that there are no warning labels on the bed and knowing that the bed is a defective product."); *see also id.* at *5 ("After reviewing the Complaint, Answer, and remand related discovery, the Court finds no evidence presented by Plaintiff to prove that Premier should have known that warning labels were required on children's bunk beds. Plaintiff offers no facts to support the assertion of constructive knowledge, other than the admission by Premier that warning labels were not provided on the bunk beds."). Likewise, beyond generic allegations in the Complaint, Plaintiffs do not

proffer any specific facts from which the Court may infer that the in-state seller Defendants actually or constructively knew of the presence of asbestos in their merchandise.

Further, the Court finds that Plaintiffs' vague and conclusory allegations justify consideration of the affidavits submitted by these Defendants' presidents, which uniformly deny any actual or constructive knowledge on their part regarding the presence and danger of asbestos in the products they sold. *See Gross v. Baltimore Arcoil Co., Inc.*, No. 3:13CV423-DPJ-FKB, 2014 WL 1153706, at *7 (S.D. Miss. Mar. 21, 2014) (citation omitted) (holding, in the context of improper joinder of a seller defendant, that "the Complaint fails to state any facts to support . . . allegations" of knowledge, especially given an "affidavit denying any actual or constructive knowledge of a defect in the cooling tower when it was sold in 1985"; thus, "there exist[ed] no reasonable basis to predict Plaintiffs might recover from Dickerson Thermal Solutions under the MPLA"); *Jordan v. Am. Suzuki Motor Corp.*, No. 2:07CV66-KS-MTP, 2007 WL 1521521, at *3-4 (S.D. Miss. May 22, 2007) (finding that a seller's affidavit which "tracks the language of 11-1-63(h), averring that . . . no representative of Cycles had any knowledge of any allegedly defective condition of the subject motorcycle, and Cycles had no reason to believe the subject motorcycle was defective in any manner" was "uncontroverted" by the plaintiffs and established a lack of "actual or constructive knowledge of any alleged defect," thus leaving the court "no choice but to find that plaintiffs have no reasonable basis to recover against Cycles under Mississippi law").

For instance, this Court has found specific allegations or evidence that a seller defendant was aware of recalls on the product but nevertheless sold it to the plaintiff sufficient to plausibly state a claim under Rule 12(b)(6) and to thereby justify joinder of the seller defendant, requiring remand. *Johnson v. Daimler Chrysler Corp.*, No. 2:06CV36-KS-MTP, 2006 WL 3511438, at *2 (S.D. Miss. Dec. 5, 2006). This Court has also found that the plaintiff had "demonstrated a reasonable basis of recovery against" a seller where the plaintiff submitted an affidavit from another individual who claimed to have informed the defendant's employee of a sticking problem with defective snaphooks. *Fuller v. Bourdon Forge Co., Inc.*, No. 3:08CV539-DPJ-JCS, 2009 WL 10676869, at *2 (S.D. Miss. May 26, 2009). The same is true of a plaintiff who submitted an affidavit attesting that a representative of the seller defendant specifically acknowledged an ATV's "'propensity . . . to overheat'" during a conversation with him. *Campbell v. J&B Motorsports, LLC*, No. 3:15-CV-159-DMB-SAA, 2016 WL 3964406, at *6 (N.D. Miss. July 22, 2016) (citations omitted). Nothing like these specific factual allegations or similar evidence has been presented in this case. Under either a Rule 12(b)(6) or summary inquiry standard, Plaintiffs have not specifically and plausibly alleged nor produced any evidence of actual or constructive knowledge on the part of the in-state Defendants. Rather, Plaintiffs rest on "vague and conclusory" allegations.[3] *See*

---

[3] *But see Gillylen v. Maremont Corp.*, Civ. No. 1:06CV215, 2006 WL 3347961, at *2 (N.D. Miss. Nov. 17, 2006). There, the court stated: "Defendants argue that plaintiffs have failed to present proof in support of their claims against Mississippi Rubber, but, to reiterate, the fraudulent joinder standard is more akin to a 12(b)(6) standard, and the Fifth Circuit in *Smallwood* even indicated that remand-related

*Murray*, 478 F. App'x at 180. Under these circumstances, the Court must find that Plaintiffs are not able to establish a possibility of recovery against the in-state Defendants. Therefore, they are improperly joined and do not defeat removal.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [53] Motion to Remand filed by Plaintiffs, Lonita Deanna Simpson, Neil Simpson, and James Taylor, is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 13th day of March, 2023.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

discovery would ordinarily be inappropriate in the fraudulent joinder context. . . It is true that Mississippi has enacted an 'innocent seller' statute, . . . but plaintiffs note that the statute leaves open the possibility of liability on the part of sellers who have actual or constructive knowledge of defects in the product which they sell. . . Plaintiffs allege that Mississippi Rubber knew that its products contained asbestos and that the danger of such asbestos products was well known, and this court must accept these allegations as true at this stage of these proceedings. . . The court concludes that defendants have failed to demonstrate that no reasonable possibility of recovery exists against Mississippi Rubber, and diversity of citizenship is accordingly lacking in this case." The Court distinguishes the *Gillylen* case in that the defendants had not produced any affidavits or other material controverting the allegations contained in the Complaint. The *Gillylen* court found, explicitly under a Rule 12(b)(6) standard, that plaintiffs' allegations that "the danger of such asbestos products was well known" were sufficient to salvage a possibility of recovery under the innocent seller provision. *See also Laws v. Davidson Ladders, Inc.*, No. 2:11CV48, 2012 WL 33008, at *3-4 (N.D. Miss. Jan. 6, 2012) (holding that there was a reasonable possibility of recovery against a seller defendant where the plaintiff alleged that "the defects in Davidson's ladders" were "well-known within the industry"). Here, Plaintiffs appear to offer some similar allegations that the named Defendants were aware of medical and scientific evidence indicating the danger of asbestos. However, the Court finds that these allegations remain too generic to overcome the specific denial of knowledge contained in the affidavits of the in-state Defendants' presidents, viz. that the products they sold contained asbestos in any amount or form.